**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Khori Francis,<br>Plaintiff,<br>v.<br>Doug Collins,<br>Defendant. | No. CV-26-00851-PHX-DJH<br>**ORDER** |

This matter comes before the Court *sua sponte* as the Court once again finds service improper in this matter.

Plaintiff Khori Francis ("Plaintiff") initially filed his Complaint (Doc. 1) on February 9, 2026. The Court issued an Order on February 12, 2026, informing Plaintiff that any defendant not properly served by May 11, 2026 would be terminated from this action. (*See* Doc. 6). When no proof of service was received, the Court terminated this matter on May 15, 2026. Plaintiff, on June 10, 2026, filed a Motion for Relief from Judgment (Doc. 8) under Fed. R. Civ. P. 60(b)(1), seeking to reopen his case and extend time to serve. On June 12, 2026, the Court granted Plaintiff's Motion for Relief from Judgment and Motion to Re-Open the Case. (Doc. 9). In doing so, the Court ordered that "Plaintiff must complete service on the defendant *and file proof of service* **by July 10, 2026**." (*Id.* at 2). Plaintiff filed proof of service on July 6, 2026, but the Court then found the proof of service deficient under Federal Rule of Civil Procedure 4, on September 29, 2026. (*See* Doc. 11). Even still, the Court allowed Plaintiff one additional opportunity to

effectuate proper service on Defendant and ordered that proof of service be filed by October 12, 2026. (*Id.* at 2). Plaintiff was warned that "failure to file appropriate proof of service will result in the termination of this matter without further notice." (*Id.*)

On October 13, 2026, Plaintiff filed two "Proof of Service" documents, and on October 16, 2026, he filed an additional "Proof of Service" document. (*See* Docs. 12–14 (claiming service was made upon Defendant Doug Collins, the U.S. Attorney for the District of Arizona, and the Department of Veterans Affairs)). None of these filings make a showing of good cause or excusable neglect to explain their late filing. (*See id.*) Given the multiple opportunities afforded to Plaintiff, the Court finds that it could dismiss this matter on those grounds alone. However, service was once again improper as Plaintiff failed to send the Summons and Complaint "by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P 4(i)(1)(B).

While Rule 4(i)(4)(A) states that a party must be given reasonable time to cure its failure to "serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States," Plaintiff failed to serve the Attorney General, which is a mandatory requirement under the Rule 4(i)(1), so the mandatory extension under Rule 4(i)(4) is not applicable. Not to mention, as noted above, the Court has already afforded Plaintiff two prior extensions to complete and correct service after he failed to make any service attempts during the initial 90-day period. *See Brewer v. Baugh*, 370 F. Supp. 2d 988, 992 (D. Ariz. 2005) ("Plaintiffs have not shown that they have effected proper service of the summons and complaint on the United States Attorney or the Attorney General in the manner prescribed by Rule 4(i). Plaintiffs' first amended complaint is therefore subject to dismissal for lack of proper service."). Additionally, Rule 4(m) requires that an action must be dismissed without prejudice if the defendant is not served within 90 days after the Complaint is filed. Fed. R. Civ. P. 4(m). The 90-day period has long passed in this case, and the Court sees no good reason to extend it further.

Accordingly,

**IT IS ORDERED dismissing** Plaintiff's Complaint (Doc. 1). The Clerk of Court is kindly directed to terminate this matter.

Dated this 3rd day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge